AO 472 (Rev. 3/86) Order of Detention Pending Trial

# United States District Court
### DISTRICT OF KANSAS

UNITED STATES OF AMERICA
v.                                              **ORDER OF DETENTION PENDING TRIAL**

DYLAN L. STIFFLER                   Case Number: 09-20003-01-JWL-DJW
*Defendant*

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I - Findings of Fact**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f) (1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

☒ (1) There is a serious risk that the defendant will not appear.
☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

_____
_____
_____
_____

**Part II - Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that

(See attached pages)

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: January 16, 2009                    s/ David J. Waxse
                                           *Signature of Judicial Officer*

                                           DAVID J. WAXSE, U.S. MAGISTRATE JUDGE
                                           *Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

U.S.A. v. Dylan L. Stiffler
Criminal Action 09-20003-01-JWL-DJW

## Part II - Written Statement of Reasons for Detention

The law requires that I determine whether there are conditions of release that will reasonably assure your appearance and the safety of the community by looking at the following factors:

The first factor is the nature and circumstances of the offense charged, including whether the offense is a crime of violence, or involves a controlled substance, firearm, or destructive device. In your case under the definitions you hit four of those: it is a crime of violence; involves a controlled substance; a firearm; and a destructive device, so those are negative factors.

The next factor is the weight of the evidence.  There has been a Grand Jury review so there is a probable cause determination that is a negative.

The next factor is your physical and mental condition.  There is no indication of problems there, so that would be positive.

Family ties are positive.

The next factor is employment.  It is a little unclear whether or not you actually could obtain employment, but there is that offer.

The next factor is financial resources.  There is no indication that you have substantial resources that would assist you in fleeing, so that is a positive.

Length of residence in the community is a positive.

Community ties are positive.

Past conduct, which includes history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, is generally negative.  You have had numerous convictions, and numerous failures to appear, and problems with release on probation, so those are all negative factors.

The next factor is whether at the time of the current offense or arrest you were on probation,

parole, or other release. It appears that you were not; those had all expired by the time of this arrest.

The final factor is the nature and seriousness of the danger to any person in the community that would be posed by your release. Any time there are firearms involved in the underlying crime, that is a danger that is substantial.

Considering all those factors together I do not see a set of conditions I could set in place that would either protect the community or ensure your appearance, so you will remain detained.